UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
08 Civ. 3126 (SCR)

---

ARTHUR HINES

Plaintiff,

-against-

THE CITY OF YONKERS,
THE CITY OF YONKERS POLICE
DEPARTMENT, POLICE OFFICER
JOHN DAUGHERTY, POLICE
OFFICER ROBERT SANTOBELLO,
POLICE OFFICER ROY PILOT,
POLICE OFFICER JOHN MALLON
and DETECTIVE JAMES MCGOVERN

Defendants.

---

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

---

Wale Mosaku, Esq.
Law Offices of Wale Mosaku, P.C.
Attorneys for Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, New York 11201

(718) 243-0994

## *Table of Contents*

INTRODUCTION..................................................................................................1

SUMMARY OF MATERIAL FACTS ................................................................3

ARGUMENT.......................................................................................................17

THE STANDARD FOR SUMMARY JUDGMENT........................................17

THERE IS AN ISSUE OF FACT ABOUT WHETHER THERE WAS PROBABLE CAUSE TO ARREST THE PLAINTIFF...........................................................7

PLAINTIFF HAS ESTABLISHED A MALICIOUS PROSECUTION CLAIM...........9

THE PLAINTIFF'S CLAIMS AGAINST THE CITY OF YONKERS ARE VIABLE...12

THERE ARE DISPUTED FACTS, AND AS SUCH THE DEFENDANT OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY................................13

THE PLAINTIFF'S FAILURE TO SEEK MEDICAL CARE DOES NOT FORECLOSE HIS CLAIM FOR EXCESSIVE FORCE...............................13

CONCLUSION...................................................................................................15

## *Table of Authorities*

Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987)..........8

Anderson v. Liberty Lobby, Inc., 477 U.S. at 249..........7

Beck v. Ohio, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964)..........8

Bellows v. Dainack, 555 F.2d 1105 (2d Cir. 1977)..........14

Bernard v. United States, 25 F.3d at 102, 104 (2d Cir. 1994)..........8, 10

Boyd v. City of New York, 336 F.3d 72..........10

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)..........6, 7

Colon v. City of New York, 60 NY2d 78, 455 N.E. 2d 1248, 1250, 468 NYS 2d 453, 455(1983)..........8, 10

Curry v. City of Syracuse, 316 F.3d 324..........13

Dintino v. Echols, 91 Fed. Appx. 783..........9

Fiacco v. Rensselaer, 783 F.2d 319, *cert. denied*, 480 U.S. 922, 107 S. Ct. 1384, 94 L. Ed. 2d 698 (1987)..........9

Galdieri-Ambrosini, 136 F.3d at 282..........7

Haywood v. Koehler, 78 F.3d 101..........9

LaFond v. General Physics Servs. Corp., 50 F.3d 165, 171 (2d Cir. 1995)..........7

Lee v. Sandberg, 136 F. 3d 94, 103, n5 (2d Cir. 1997)..........8

Marshall v. Sullivan, 105 F.3d 47..........11

Maryland v. Macon, 472 U.S. 463, 470-71, 105 S. Ct. 2778, 2782-83, 86 L. Ed. 2d 370 (1985)..........8

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)..........7

McClellan v. Smith, 439 F.3d 137..........11, 13

Mitchell v. Guzick, 138 Fed. Appx. 496..................................................................10

Peterson v. County of Nassau, 995 F. Supp. 305, 313 (E.D.N.Y. 1998)..................................................................................................................8

Reeves v. Sanderson Plumbing Prods., 530 U.S. 133.................................................9

Robinson v. Via, 821 F.2d 913 (2d Cir. 1987)..........................................................14

Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999).........................................6

Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990);............................................7

Weyant v. Okst, 101 F.3d 845, 852 (2nd Cir. 1996)....................................................8

Williams v. County of Westchester, 171 F.3d 98, 102 (2d Cir. 1999);.........................7

United States v. Butts, 704 F.2d 701..........................................................................9

United States v. Rem, 38 F.3d 634, 644 (2d Cir. 1994).............................................13

United States v. 1964 Ford Thunderbird, 445 F.2d 1064............................................9

Zellner v. Summerlin, 494 F.3d 344............................................................................9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARTHUR HINES,            08 Civ. 3126 (SCR)
                Plaintiff,

    v.
                                    PLAINTIFF'S MEMORANDUM
                                    OF LAW IN OPPOSITION TO
                                    DEFENDANTS MOTION FOR
                                    SUMMARY JUDGMENT

THE CITY OF YONKERS,
THE CITY OF YONKERS POLICE
DEPARTMENT, POLICE OFFICER
JOHN DAUGHERTY, POLICE
OFFICER ROBERT SANTOBELLO,
POLICE OFFICER ROY PILOT,
POLICE OFFICER JOHN MALLON
and DETECTIVE JAMES MCGOVERN,
                Defendants.
------------------------------------------------------------X

## INTRODUCTION

Plaintiff Arthur Hines (hereinafter "plaintiff") brings this action seeking redress for the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

Defendants move for summary judgment on several grounds, pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), and the local rules of this Honorable Court.

It is respectfully submitted that the defendants' motion for summary judgment must be denied in all respects, because there exist issues of fact about whether the defendants unlawfully arrested and imprisoned plaintiff, and thereafter continued, without any

semblance of probable cause, to violate his civil rights by insisting on his continued imprisonment and prosecution.

## SUMMARY OF MATERIAL FACTS

Your Honor is respectfully referred to the plaintiff's "Statement Pursuant to Local Rule 56.1(b), respectfully submitted concurrently herewith.

However, briefly, Plaintiff alleges that the defendants The City of Yonkers ("City"), The City of Yonkers Police Department ("YPD"), Police Officer John Daugherty ("Daugherty"), Police Officer Robert Santobello ("Santobello"), Police Officer Roy Pilot ("Pilot"), Police Officer John Mallon ("Mallon") and Detective James McGovern's ("McGovern") (hereinafter collectively referred to as "Defendants") falsely arrested and imprisoned him on March 31, 2007; thereafter maliciously filed criminal charges against him; thereafter proffered false testimony under oath before a Westchester County grand jury, in relation to the facts and circumstances surrounding the plaintiff's arrest; that following the proffered false testimony under oath before the Westchester County grand jury, by all and/or some of the above-named officers, a Westchester County grand jury indicted the plaintiff with respect to the above-referenced offences; and that the above-referenced Westchester grand jury indictment was obtained by the defendants respective and/or collective fraud, perjury, suppression of evidence and/or other police misconduct undertaken in bad faith.

Early in the morning of March 31, 2007, the plaintiff, who was celebrating his birthday with a group of friends, was dropped off by a friend, namely Dominick Morgan, by a car shop located at 270 Nepperhan Avenue, Yonkers, New York.

Prior to being dropped off by the car shop, the plaintiff was on his way to a feast that had been prepared by Dominick's mother. At the time he was dropped off, it was the plaintiff's intention to attempt to purchase a "chaser" for his alcohol (a bottle of "Hennessey"), at a gas station that was located on Yonkers Avenue, in Yonkers, New York. The gas station was located on the route to Dominick's place. The plaintiff was dropped off because Dominick had to deliver the car to his mother, who was requesting for the vehicle urgently. The plaintiff had requested to be dropped off by the car shop because there was a short cut from Nepperhan Avenue to Yonkers Avenue, specifically a "dirt path" located adjacent to said car shop, which led up to the gas station that was located on Yonkers Avenue (see annexed Exhibit 2, pgs. 46-57).

The plaintiff testified that the dirt path was not illuminated. The plaintiff did not have a gun, and did not see a gun on the dirt path as he walked up to the gas station. The plaintiff also testified that he did not see any type of police vehicle on Nepperhan Avenue before he walked up the dirt path. The plaintiff testified that he and his friend walked to the gas station, attempted to enter it but it was locked. As such, he went over to the window, and gave the cashier a five (5) dollar bill, in order to have it changed to single dollar bills, so he could purchase a can of soda from a vending machine. As he was waiting for his change to be returned he was "jumped", "punched", "grabbed", "pulled" and "thrown" onto the hood of the police vehicle by defendants Daugherty and Santobello, all without prior warning (see annexed Exhibit 2, pgs. 66-81).

The plaintiff was arrested and subsequently charged with the following offenses: Criminal Possession of a Weapon in the 2nd Degree (PL 265.03); Criminal Possession of Stolen Property in the 3rd Degree (PL 165.50); Criminal Possession of Stolen Property in

the 4th Degree (PL 165.45); and Resisting Arrest (PL 205.30) (see Exhibit "I" that is annexed to the defendants' motion; see also Exhibit "3" annexed hereto, at pgs. 946-951). The defendants Daugherty, Pilot and McGovern subsequently testified before a grand jury, following which the plaintiff was indicted (see Exhibit "S" that is annexed to the defendants' motion).

McGovern was deposed after the commencement of this action. McGovern testified that approximately forty five minutes prior to the arrest of the plaintiff, he had observed four males coming from the same area that the defendants claim the plaintiff had discarded a gun in their presence. McGovern testified that one of said males ran away when they spotted him (McGovern) and his colleague(s), and that the other three persons were detained and questioned (see Exhibit "8", pgs. 23-41).

McGovern testified that the person who was detained along with the plaintiff at the time of the plaintiff's arrest, namely Martrell Terrell, had subsequently purportedly informed him, that one of the three persons (specifically "Tyrone Stone") he had stopped and detained in the vicinity of the area that the defendants claim the plaintiff had discarded a gun in their presence, had discarded a gun in that area. McGovern testified that Mr. Terrell also purportedly denied that the plaintiff had a weapon at the time he was arrested (see Exhibit "8", pgs. 20-23; see also Exhibit "G" that is annexed to the defendants motion).

McGovern also testified that he indeed interviewed Tyrone Stone, prior to the arrest(s) of the plaintiff and Mr. Terrell. McGovern however testified that he did not seek to re-interview Mr. Stone after he was purportedly informed by Mr. Terrell about the

4

possibility that he (Mr. Stone) had discarded a weapon in the vicinity of the location that the plaintiff is alleged to have discarded a weapon (see Exhibit "8", pgs. 38-41, 45).

McGovern did not inform the grand jury that he had apprehended three males who were coming from the vicinity of the location that the plaintiff had allegedly discarded a weapon, approximately forty five minutes prior to the arrest of the plaintiff, and that another male had run away at that time (see Exhibit "S" that is annexed to the defendants motion).

McGovern did not inform the grand jury that Mr. Terrell had purportedly informed him that the plaintiff did not have a weapon (see Exhibit "S" that is annexed to the defendants' motion).

McGovern did not inform the grand jury that Mr. Terrell had purportedly informed him, that one of the three persons (specifically "Tyrone Stone"), that he had stopped and detained in the vicinity of the area that the defendants claim the plaintiff had discarded a gun in their presence, had discarded a gun in that area (see Exhibit "S" that is annexed to the defendants motion).

Defendant Daugherty offered testimony to the grand jury that was different from his testimony at trial, pertaining to the plaintiff's purported actions on the night in question (see prgs. "6", "7" and "9" of the plaintiff's Rule 56.1(b) statement).

The defendant officers offered contradictory testimony on different occasions, with respect to the purported actions of the plaintiff on the night in question (see prgs. "6", "7" and "9" of the plaintiff's Rule 56.1(b) statement).

After spending approximately seven months in jail, the case went to trial, following which the plaintiff was speedily acquitted (see Exhibit "3", pgs. 946-951).

The defendants Daugherty and Pilot were among the witnesses who testified against the plaintiff at the trial of the criminal action (see Exhibit "3", pgs. 952-953). The plaintiff also testified at the trial (see Exhibit "3", p. 953). As such the jury had the opportunity to hear the testimony of the defendant officers and the plaintiff; observe first hand the defendant officers and the plaintiff's respective demeanor; and assess their respective credibility.

The defendant officers Daugherty and Pilot testified that they directly observed the plaintiff commit the purported criminal actions on the night in question. The plaintiff testified that he did not commit the actions he was alleged to have committed. As such, the criminal trial was essentially a "credibility contest", and it is clear from the jury's "not guilty" verdict, that they did not believe a word of Daugherty and Pilot's incredible testimony.

The defendants Santobello and Mallon did not testify at the criminal trial, even though they purportedly observed the plaintiff discard a weapon in their presence (see Exhibit "3", pgs. 952-953).

## ARGUMENT

## THE STANDARD FOR SUMMARY JUDGMENT

On a motion for summary judgment, the moving party has the burden of demonstrating the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

It is well settled that on a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. *Tenenbaum v. Williams*, 193 F.3d 581, 593 (2d Cir. 1999).

6

Any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990); *see also* *LaFond v. General Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). Furthermore, the Second Circuit has repeatedly advised that it is preferable for the judge to refrain from granting a directed verdict and to allow the matter to be decided by the jury. See Williams v. County of Westchester, 171 F.3d 98, 102 (2d Cir. 1999); see also Galdieri-Ambrosini, 136 F.3d at 282 (noting that the prudent course is to submit the case to the jury).

The Supreme Court has also decided that Courts may not decide disputed fact issues on a motion for summary judgment; if there is a disputed fact, the case must go to trial. See Celotex v. Catrett, *Supra*.

In making a determination, the court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. at 249; Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986).

In weighing a motion for summary judgment, the court must accept as true the non-moving party's evidence and make "*all justifiable inferences*" in the non-moving party's favor. See Anderson, *supra*, at 255.

<u>THERE IS AN ISSUE OF FACT ABOUT WHETHER THERE WAS PROBABLE CAUSE TO ARREST THE PLAINTIFF</u>

It is trite law that "*probable cause consists of such facts and circumstances as would lead a reasonably prudent person in like circumstances to believe plaintiff guilty*" a clearly

objective standard. See Colon v. City of New York, 60 NY2d 78, 455 N.E. 2d 1248, 1250, 468 NYS 2d 453, 455 (1983); see also Maryland v. Macon, 472 U.S. 463, 470-71, 105 S. Ct. 2778, 2782-83, 86 L. Ed. 2d 370 (1985); and Lee v. Sandberg, 136 F. 3d 94, 103, n5 (2d Cir. 1997).

In evaluating probable cause to arrest, the Court should normally consider the information available to the arresting officer at the time of the arrest. See Peterson v. County of Nassau, 995 F. Supp. 305, 313 (E.D.N.Y. 1998) (citing Anderson v. Creighton, 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987).

*"In general, probable cause exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed……. a crime."* See Weyant v. Okst, 101 F.3d 845, 852 (2nd Cir. 1996).

*"A finding of probable cause, (or the absence thereof), can be based on the 'totality of the circumstances.'"* Bernard v. United States, 25 F.3d at 102 (2d Cir. 1994).

Probable cause exists, if at the time of the arrest, *"the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense."* Beck v. Ohio, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964).

The determination of probable cause deals with probabilities which are the factual and practical considerations of everyday life on which reasonable and prudent men act. The substance of the matter is whether there is a reasonable ground for belief of guilt. See

United States v. 1964 Ford Thunderbird, 445 F.2d 1064; see also Dintino v. Echols, 91 Fed. Appx. 783; and United States v. Butts, 704 F.2d 701.

Generally, the question of probable cause in a 42 U.S.C.S. §1983 damage suit is one for the jury. This is particularly true where the probable cause determination rests on credibility conflicts, as in the matter at bar. See Zellner v. Summerlin, 494 F.3d 344; Reeves v. Sanderson Plumbing Prods., 530 U.S. 133.

In ruling on a motion for summary judgment, it has been determined that the court must bear in mind that the jury is free to believe part and disbelieve part of any witness's testimony. See Fiacco v. Rensselaer, 783 F.2d 319, *cert. denied*, 480 U.S. 922, 107 S. Ct. 1384, 94 L. Ed. 2d 698 (1987); Haywood v. Koehler, 78 F.3d 101, (jurors are "*free to accept bits of testimony from several witnesses and to make reasonable inferences from whatever testimony they credit*").

In the matter at bar, defendant officers Daugherty, Santobello, Mallon and Pilot allege that they observed the plaintiff discard a gun in their presence.

The plaintiff denied the defendants officers' allegations.

As such, the case at bar presents a straightforward credibility conflict, which a criminal court jury has already resolved in the plaintiff's favor, after having heard directly from the defendants Daugherty and Pilot, and also from the plaintiff.

As such, it is respectfully submitted that there is a clear issue of fact on the question of whether probable cause existed for the arrest of the plaintiff, which precludes the granting of summary judgment in the defendants favor.

## PLAINTIFF HAS ESTABLISHED A MALICIOUS PROSECUTION CLAIM

To prove malicious prosecution under New York law, the following elements must be present: (1) a criminal proceeding must have been instituted or continued by the defendant against the plaintiff; (2) terminated in favor of the accused; (3) with absence of probable cause for the charge; and (4) with malice (which may be inferred from lack of probable cause) or primary purpose other than bringing the offender to justice. See Bernard v. United States, 25 F. 3d 98, 104 (2d Cir. 1994).

To prevail on a malicious prosecution claim under 42 U.S.C.S. §1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the defendants initiated the proceeding without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty as a consequence of the criminal proceeding. See Mitchell v. Guzick, 138 Fed. Appx. 496.

The absence of probable cause is an essential element of a claim for malicious prosecution. *See Colon v. City of New York*, 60 N.Y.2d 78, 82, 455 N.E.2d 1248, 468 N.Y.S.2d 453 (N.Y. 1983). Although a grand jury indictment gives rise to a presumption that probable cause exists and a claim for malicious prosecution in relation to the crimes described in the indictment thereby is defeated, it should be noted that the presumption may be rebutted by evidence of various wrongful acts on the part of police: "*If plaintiff is to succeed in his malicious prosecution action after he has been indicted, he must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.*" *Id.* at 83.

In Boyd v. City of New York, 336 F.3d 72, the court, addressing the presumption of probable cause created by the grand jury indictment, observed that "*the presumption is*

10

*rebuttable, and may be overcome by evidence establishing that the police witnesses 'have not made a complete and full statement of facts . . . that they have misrepresented or falsified evidence . . . or otherwise acted in bad faith.'"* Id. at 76 (citation omitted). The Boyd court concluded as follows: *"At this preliminary stage, construing all inferences in the light most favorable to Boyd, a jury could reasonably find that the indictment was secured through bad faith or perjury, and that there was malicious prosecution of Boyd. Therefore, the issue of probable cause cannot be resolved by summary judgment."* Id. at 77.

In the matter at bar, it is clear that the parties respective versions of the events on the night in question are in sharp dispute. Moreover, where evidence shows that a police officer, knowing that no crime has been committed, presses the prosecution of criminal charges *"solely in order to further [the officer's] own personal goals,"* a claim of *"bad faith"* survives summary judgment. See McClellan v. Smith, 439 F.3d 137; Marshall v. Sullivan, 105 F.3d 47.

The plaintiff has met all the above required elements in order to prevail on his malicious prosecution claim, under both New York law and 42 U.S.C.S. §1983, as follows:

a. The defendants Santobello, Daugherty, Pilot and Mallon claimed that the plaintiff discarded a gun in their presence, and thereafter jointly and severally participated in, and effected the arrest and subsequent prosecution of the plaintiff.

b. Defendants Santobello and Daugherty later prepared a police report, wherein they complained of the plaintiff's alleged criminal acts (see Exhibit "A" that is annexed to the defendants' motion).

11

c.  Defendant Santobello thereafter signed the "Felony Complaint", thereby instituting the criminal proceeding against the plaintiff (see Exhibit "I" that is annexed to the defendants' motion).

d.  Defendants Daugherty, Pilot and McGovern later testified in front of the grand jury (see Exhibit "S" that is annexed to the defendants' motion).

e.  The criminal proceeding was terminated in the plaintiff's favor, following a jury verdict acquitting the plaintiff of all the bogus and false charges instituted by the defendants.

f.  There is an issue of fact regarding the existence (or absence) of probable cause for the prosecution of the plaintiff. Based upon the plaintiff's testimony, he did not discard a gun in the defendants Santobello, Daugherty, Pilot and Mallon presence, as they incredibly alleged.

g.  Given the conflicting testimony offered by the defendant officers on various occasions, and their failure to inform the grand jury of all the facts known to them at the time of, and following the plaintiff's arrest, there is an issue of fact about whether a jury could reasonably find that the indictment was secured through bad faith or perjury.

h.  The plaintiff suffered a substantial deprivation of liberty, having spent approximately seven months in jail while awaiting, and attending the trial of the criminal proceedings.

As such, it is respectfully submitted that plaintiff has adequately proven all the elements of a malicious prosecution claim against the defendants.

## THE PLAINTIFF'S CLAIMS AGAINST THE CITY OF YONKERS ARE VIABLE

The defendants, in their moving papers, neglected to point out that the plaintiff's claims against the defendant City are based on federal and state law causes of action. As such, the plaintiff's state law claims against the City, in its capacity as the employer of the defendant officers, are based upon the doctrine of vicarious liability and/or *respondeat superior*. As such, in the event a jury finds that the defendant officers did indeed commit the alleged wrongful acts, such wrongful acts of the defendant officers will be imputed to the City.

## THERE ARE DISPUTED FACTS, AND AS SUCH THE DEFENDANT OFFICERS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

The sharply disputed facts set forth herein preclude the granting of summary judgment to the defendant officers on the basis of qualified immunity. See Curry v. City of Syracuse, 316 F.3d 324.

In McClellan, *supra*, it was held that the district court erred in making findings by resolving factual conflicts properly within the province of a jury.

In United States v. Rem, 38 F.3d 634, 644 (2d Cir. 1994), the court held that "*Resolutions of credibility conflicts and choices between conflicting versions of the facts are matters for the jury, not for the court on summary judgment.*"

As set forth in the plaintiff's Rule 56.1(b) statement, there are indeed many conflicting versions of the facts in this case.

As such, it is respectfully submitted that summary judgment in favor of the defendants officers, based upon their purported qualified immunity, is inappropriate.

## THE PLAINTIFF'S FAILURE TO SEEK MEDICAL CARE DOES NOT FORECLOSE HIS CLAIM FOR EXCESSIVE FORCE

The plaintiff described being "jumped", "punched", "grabbed", "pulled" and "thrown" onto the hood of a police vehicle (see annexed Exhibit 2, pgs. 66-87). The plaintiff also testified that he had a sore cheek after being punched in the face by Santobello and/or Daugherty, and that he had to apply ice to it at "Valhalla" (see annexed Exhibit 2, pgs. 75-76).

In Robinson v. Via, 821 F.2d 913 (2d Cir. 1987), the Second Circuit sustained a claim for excessive force despite the plaintiff's failure to seek medical care. The Robinson Court stated that *"while Robinson did not seek medical treatment for her injuries, and this fact may ultimately weigh against her in the minds of the jury in assessing whether the force used was excessive, this failure is not fatal to her claim. If the force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe."* Id. at 924.

In Bellows v. Dainack, 555 F.2d 1105 (2d Cir. 1977), the plaintiff contended that the defendants had used excessive force against him by twisting his arm, pushing him into the back seat of a police car, pulling him by the scruff of the neck, and striking him in the ribs. The jury returned a verdict in plaintiff's favor. On appeal, the defendants contended, *inter alia*, that these assertions were insufficient as a matter of law to state a claim under § 1983. The 2nd Circuit explicitly rejected that contention. 555 F.2d at 1106. Thus, although the plaintiff did not seek medical care for his injuries, he may nevertheless prevail on his claim of excessive force.

## CONCLUSION

Based on the above points and authorities, there are genuine issues of material fact in this case. Accordingly, defendants' motion for summary judgment should be denied in all respects.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court deny the defendants' motion for summary judgment in its entirety.

Dated: Brooklyn, New York
November 12, 2009

Respectfully submitted,

Law Offices of Wale Mosaku, P.C.

By: _____
BY: Wale Mosaku (AM5872)
25 Bond Street, 3rd Floor
Brooklyn, New York 112017
(718) 243-0994
Attorney(s) for Plaintiff

Rory McCormick, Esq.
Assistant Corporation Counsel,
City of Yonkers Department of Law
Attorney(s) for Defendants
40 South Broadway, Room 300
Yonkers, New York 10701-3883
(914) 377-6256